## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHNNIE MCCOLLUM,** | : | |
| **Plaintiff** | : | |
| | : | **No. 1:22-cv-01710** |
| **v.** | : | |
| | : | **(Judge Rambo)** |
| **MICHAEL H.W. PRIES, <u>et al.</u>,** | : | |
| **Defendants** | : | |

## <u>MEMORANDUM</u>

<u>Pro se</u> Plaintiff Johnnie McCollum ("Plaintiff"), who is a state prisoner currently incarcerated at State Correctional Institution Pine Grove in Indiana, Pennsylvania, has commenced the above-captioned action pursuant to the provisions of 42 U.S.C. § 1983 ("Section 1983"), asserting violations of his constitutional rights while incarcerated as a pretrial detainee at Dauphin County Prison ("DCP") in Harrisburg, Pennsylvania. In accordance with the Prison Litigation Reform Act,[1] the Court previously conducted an initial review of Plaintiff's complaint. By Memorandum and Order, the Court dismissed the complaint, but without prejudice to Plaintiff filing an amended complaint. Plaintiff has now filed an amended complaint, as well as a motion seeking the appointment of counsel and a motion seeking class certification. For the reasons set forth below, the Court will direct

---

[1] <u>See</u> The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (Apr. 26, 1996).

service of Plaintiff's amended complaint on the named Defendants, but will deny his pending motions.

## I.    BACKGROUND

On October 28, 2022, while Plaintiff was incarcerated as a pretrial detainee at DCP, he filed his Section 1983 complaint against the following thirteen (13) Defendants: Michael H.W. Pries, George P. Hartwick, and Chad Saylor, Dauphin County Commissioners; John F. Cherry, the President Judge of the Court of Common Pleas of Dauphin County; William Wenner, a Magisterial District Judge in Harrisburg, Pennsylvania; Nicholas Chimienti, the Sheriff of Dauphin County; James Markel, the Acting Controller of the Dauphin County Prison Board ("DCP Board"); Frank Lavery, Jr., a Solicitor of the DCP Board; Gregory Briggs, the Warden of DCP; Lionel Pierre, the Deputy Warden of DCP; Roger Lucas, the Major of Security at DCP; Mike Welker, the Grievance Coordinator at DCP; and Damon Fields, the Chaplain at DCP.  (Doc. No. 1 at 1-6.)

In his complaint, Plaintiff alleged that the events giving rise to his claims occurred while he was incarcerated as a pretrial detainee at DCP (Doc. No. 1 at 7) and generally concerned the following two (2) categories: lockdowns and access to religious material (id. at 7-14).  In connection with his various allegations,[2] Plaintiff

---

[2]  Because Plaintiff is now proceeding on an amended complaint, the Court need not recount those allegations here.  However, the Court notes that the allegations

asserted that his rights under the First and Fourteenth Amendments to the United States Constitution had been violated.  (Id. at 12.)  As for relief, Plaintiff sought monetary damages, as well as various forms of injunctive relief.  (Id.; id. at 12, 14.)

By Memorandum and Order dated December 14, 2022, the Court deemed Plaintiff's complaint filed, granted him leave to proceed in forma pauperis, and dismissed his complaint without prejudice to him filing an amended complaint. (Doc. Nos. 5, 6.)  In particular, the Court found that, with respect to numerous Defendants, Plaintiff had failed to sufficiently allege their personal involvement in the acts that he claimed violated his federally protected rights.  (Doc. No. 5 at 9-10.) Because Plaintiff had failed to allege such personal involvement, the Court also found that the complaint did not provide fair notice of his claims and/or the grounds upon which those claims rest, as required by Rule 8 of the Federal Rules of Civil Procedure.  (Id. at 10-11.)  In addition, the Court found that, with respect to the Defendants that Plaintiff had discussed with some level of specificity, the complaint failed to state a Fourteenth Amendment claim upon which relief could be granted. (Id. at 11-17.)  And, finally, the Court dismissed Plaintiff's requests for injunctive relief as moot, because—during the pendency of this litigation—he was transferred from DCP to a state correctional institution, and because there was no alleged

contained in Plaintiff's original complaint, have been fully set forth by the Court in its December 14, 2022 Memorandum.  (Doc. No. 5.)

expectation that he would be returned to DCP since he is now in the state correctional system.  (Id. at 17-18.)

However, the Court could not say that granting Plaintiff leave to amend his Section 1983 claims would be futile and, thus, the Court granted Plaintiff leave to file an amended complaint.  (Id. at 18-19.)  Following two (2) extensions of time (Doc. Nos. 8, 9, 10, 12), Plaintiff filed his amended complaint on April 5, 2023 (Doc. No. 16).  Shortly thereafter, on April 11, 2023, Plaintiff filed what appears to be a continuation of his amended complaint.  (Doc. No. 18.)  In other words, Plaintiff's amended complaint has been filed in two (2) parts on the Court's docket.  (Doc. Nos. 16, 18.)  As a result, the Court will direct the Clerk of Court to attach the second part of his amended complaint (Doc. No. 18) to the first part of his amended complaint (Doc. No. 16).  In addition, the Court will collectively treat these documents as his amended complaint.

In his amended complaint, Plaintiff once again names the following Defendants: Pries; Hartwick; Saylor; Cherry; Wenner; Chimienti; Markel; Lavery; Briggs; Pierre; Welker; and Lucas.  (Id. at 1-5.)  He also names, for the first time, Joseph Curcillo III, the Chief Solicitor of Dauphin County, and Francis T. Chardo, the District Attorney of Dauphin County.  (Id. at 2, 5.)  The only Defendant, who was named in the original complaint that has not been named in the amended complaint is Defendant Fields, the Chaplain at DCP.  Compare (Doc. No. 1) with

(Doc. Nos. 16, 18).  As a result, the Court will direct the Clerk of Court to terminate Defendant Fields from the caption of the docket.

In his amended complaint, Plaintiff reasserts his allegations that, during his incarceration as a pretrial detainee at DCP, he was denied the right to order books, magazines, and newsletters, and also denied the right to exercise and to have recreational opportunities.   (Doc. No. 16 at 6-9.)   In connection with these allegations, Plaintiff asserts violations of his rights under the First, Eighth, and Fourteenth Amendments to the United States Constitution, as well as a violation of "17 61 P.A.C.S. Section 1724 Subsection (B)."  (Doc. No. 18 at 2.)  Unlike his original complaint, Plaintiff's amended complaint has expounded on the factual basis of his claims, as well as the personal involvement of the Defendants.  (Doc. Nos. 16, 18.)  As a result, the Court will direct service of the amended complaint on the named Defendants.

In addition to his amended complaint, however, Plaintiff has also filed a motion seeking the appointment of counsel and a motion seeking class certification. The Court discusses these motions below.

## II.   DISCUSSION

As set forth above, Plaintiff has brought this civil rights action pursuant to the provisions of Section 1983, asserting, inter alia, violations of his rights under the First, Eighth, and Fourteenth Amendments to the United States Constitution while he was incarcerated at DCP.  (Doc. Nos. 16, 18.)  However, in his pending motion for class certification, Plaintiff purports to bring this civil rights action as a class action on behalf of two-hundred and fifty (250) inmates who were and/or are incarcerated at DCP.  (Doc. No. 15-1 at 2.)  Notably, these two-hundred and fifty (250) inmates have neither been mentioned or named in the amended complaint, nor have they signed the amended complaint.  See (Doc. Nos. 16, 18).

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, there are four (4) "[p]rerequisites" that must be satisfied before Plaintiff's proposed class action may be certified.  See Fed. R. Civ. P. 23(a).  More specifically, Plaintiff must show that:

   (1) the class is so numerous that joinder of all members is impracticable;

   (2) there are questions of law or fact common to the class;

   (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

   (4) the representative parties will fairly and adequately protect the interests of the class.

See id.; see also Gonzalez v. Corning, 885 F.3d 186, 192 (3d Cir. 2018) (explaining that every "class action must satisfy the four requirements of Rule 23(a)[:]

numerosity, commonality, typicality, and adequacy"). The party seeking class certification "bears the burden of establishing each [prerequisite] of Rule 23 by a preponderance of the evidence." See id. (citation omitted).

A district court, therefore, can only certify a class if all four (4) prerequisites of Rule 23(a) are met. See In re Prudential Ins. Co. of America Sales Practice Litigation, 148 F.3d 283, 308-09 (3d Cir. 1998) (footnote omitted); In re Hydrogen Peroxide Antitrust Litig., 552 F.3d 305, 309 n.6 (3d Cir. 2008). Consequently, the failure to satisfy any one of these perquisites is fatal to a plaintiff's proposed class action. See Gonzalez, 885 F.3d at 192 (explaining that "[a] class action may only be certified if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied" (citation and internal quotation marks omitted)). Once all four (4) prerequisites of Rule 23(a) are satisfied, then the class may be certified if at least one of the three (3) subsections of Rule 23(b) are met. See Fed. R. Civ. P. 23(b).

Here, turning first to Rule 23(a)'s prerequisites, the Court finds that Plaintiff cannot serve as a fair and adequate class representative. See Fed. R. Civ. P. 23(a)(4). Indeed, Plaintiff is a pro se prisoner without formal education or training in the law and, thus, he would not be able to adequately represent the interests of the class or maintain this lawsuit as a class action. As explained by the United States Court of Appeals for the Third Circuit, "pro se litigants are generally not appropriate as class

representatives." <u>See</u> <u>Hagan v. Rogers</u>, 570 F.3d 146, 158-59 (3d Cir. 2009) (citation omitted); <u>see also</u> <u>Lewis v. City of Trenton Police Dep't</u>, 175 F. App'x 552, 554 (3d Cir. 2006) (unpublished) (concluding that the plaintiff-prisoner, who was proceeding <u>pro se</u>, "may not represent a putative class of prisoners" (citations omitted)); <u>Alexander v. New Jersey State Parole Bd.</u>, 160 F. App'x 249, 250 n.1 (3d Cir. 2005) (unpublished) (noting that "a prisoner proceeding <u>pro se</u> may not seek relief on behalf of his fellow inmates").

As a result, the Court cannot certify a class based upon the instant motion for class certification because Plaintiff does not meet one of the threshold prerequisites—<u>i.e.</u>, that the representative party will fairly and adequately protect the interests of the class. <u>See</u> Fed. R. Civ. P. 23(a)(4). Consequently, the Court will deny Plaintiff's motion to pursue this matter as a class action on behalf of the purported prisoner-plaintiffs who were and/or are incarcerated at DCP. Because Plaintiff has failed to satisfy Rule 23(a), the Court need not consider whether he has shown that the proposed class satisfies at least one of the three (3) requirements listed under Rule 23(b).

This ruling should come as no surprise to Plaintiff. In his motion seeking the appointment of counsel, he concedes that he "is not permitted to represent other prisoners [i]n a class action suit[.]" (Doc. No. 14 at 1.) As a result, he seeks the appointment of counsel to "provide great assistance to the class[.]" (<u>Id.</u> at 2.) Apart

from seeking the appointment of counsel to assist the purported class, however, Plaintiff asserts no other grounds in support of his request for appointed counsel.

Although Rule 23(c)(1)(B) provides that "[a]n order that certifies a class action must . . . appoint class counsel under Rule 23(g)," the Court finds that this Rule does not, by itself, create a right to counsel where a plaintiff seeks to pursue a class action.  See Howden v. Marcantel, No. 14-cv-00459, 2014 WL 12789681, at *2 (D.N.M. July 17, 2014) (explaining that Rule 23(c)(1)(B) does not create such a right to counsel (emphasis omitted)).  Additionally, and as discussed more fully above, there is no basis to certify a class at this time and, thus, there is equally no basis to appoint "an [a]ttorney [who] will provide great assistance to the class[.]" (Doc. No. 14 at 2.)  Nevertheless, Plaintiff may still request the appointment of counsel to represent him in this action (as opposed to counsel representing a purported class under Rule 23(g)).

To that extent, the Court begins its discussion with the basic principle that, although indigent civil litigants have no constitutional or statutory right to the appointment of counsel, district courts have broad discretionary power to request appointed counsel for such litigants pursuant to 28 U.S.C. § 1915(e)(1).  See Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2002) (citations omitted).  The United States Court of Appeals for the Third Circuit has "outlined a two-step process" that district courts are to follow when deciding whether to request

9

appointed counsel to represent an indigent civil litigant.  See Houser v. Folino, 927 F.3d 693, 697 (3d Cir. 2019).

First, as a threshold inquiry, the district court must consider whether the plaintiff's case has some arguable merit in fact and law.  See Montgomery, 294 F.3d at 498-99 (citations omitted).  Second, if the district court determines that the plaintiff's case has some arguable merit in fact and law, then the district court is to consider other factors, including: (1) the plaintiff's ability to present his own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be required and the plaintiff's ability to pursue such investigation; (4) the extent to which the case is likely to turn on credibility determinations; (5) whether the case will require testimony from expert witnesses; and (6) whether the plaintiff can attain and afford counsel on his own behalf.  See Houser, 927 F.3d at 697 (citations omitted).

This list, however, "is not meant to be exhaustive."  See Tabron v. Grace, 6 F.3d 147, 157 (3d Cir. 1993); see also Houser, 927 F.3d at 700 (stating that "[w]e have always emphasized that [these] factors are only a guidepost for district courts in their exercise of the broad statutory discretion granted to them by Congress.  They are not exhaustive, nor are they each always essential").  Rather, the district court must determine on a case-by-case basis whether a request for appointed counsel is warranted.  See Tabron, 6 F.3d at 157-58.

Having reviewed Plaintiff's motion, the Court concludes that a request for appointed counsel is not warranted at this time.  Under the two (2)-step process outlined above, the Court must consider whether Plaintiff's case has some arguable merit in fact and law and, if so, whether the pertinent factors warrant the appointment of counsel.  Even assuming that Plaintiff's case has some arguable merit in fact and law, the Court would still find that Plaintiff has the apparent ability to read, write, and understand English, as well as the apparent ability to litigate this action pro se, as demonstrated by the filing of his complaint, amended complaint, and his recent motions for the appointment of counsel and class certification.  (Doc. Nos. 1, 14, 15, 16, 18.)  Accordingly, given the Court's duty to liberally construe Plaintiff's pro se pleadings, see Riley v. Jeffes, 777 F.2d 143, 147-48 (3d Cir. 1985), coupled with his apparent ability to litigate this action, the appointment of counsel is not warranted at this time.

The Court notes, however, that if licensed counsel enters an appearance on behalf of Plaintiff in this case, either as a result of an appointment of counsel by the Court or by some other means, then licensed counsel will be permitted to file a renewed motion seeking class certification.   At the present time, however, the Court will deny Plaintiff's motions for class certification and the appointment of counsel.

## III.   CONCLUSION

To conclude, the Court will serve Plaintiff's amended complaint (Doc. Nos. 16, 18) on the named Defendants.  In addition, the Court will deny without prejudice Plaintiff's pending motions for the appointment of counsel (Doc. No. 14) and class certification (Doc. No. 15).  An appropriate Order follows.

Dated: May 25, 2023                                     s/ Sylvia H. Rambo
                                                        SYLVIA H. RAMBO
                                                        United States District Judge